UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                                 Case Numbers:    03-50017-BC
                                                                  03-81088-BC
v.                                          Honorable Thomas L. Ludington

JOHN MICHAEL STEPPS,

      Defendant.

_____/

**ORDER REGARDING SENTENCE REDUCTION**

On May 7, 2003, Defendant entered a guilty plea as to one count of violating 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). [No. 03-50017]. The Rule 11 plea agreement limited any term of imprisonment to no more than 112 ½ months. Similarly, on January 21, 2004, Defendant entered a plea of guilty to one count of violating 18 U.S.C. § 844 (possession of more than 5 grams of cocaine base). [No. 03-81088]. As to this count, the Rule 11 plea agreement did not limit any term of imprisonment. A combined sentencing hearing was held before the Honorable Paul V. Gadola on May 25, 2004; and Defendant was sentenced to a term of imprisonment of 125 months (112 months on the felon in possession charge and 125 months on the cocaine base possession charge, to be served concurrently). Now before the Court is a stipulation of the parties that Defendant is eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Pursuant to an administrative order and E.D. Mich. LcrR 57.10(b)(5), this post-judgment matter was reassigned from Judge Gadola to Judge Thomas L. Ludington when it arose.

Generally, federal courts do not have jurisdiction to modify a sentence already imposed. *See United States v. Smith*, 438 F.3d 796, 799 (7th Cir. 2006) (referring to 18 U.S.C. § 3582). As relevant to this case, Congress has created an exception to this rule, which is codified at 18 U.S.C. § 3582(c)(2). Section 3582(c) (2) allows a federal court to modify a sentence already imposed in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion. *Id.* § 3582(c)(2). The court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § ] 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. *Id.*

The applicable policy statement provides that the court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range" unless "the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing. . . ." U.S.S.G. § 1B1.10(b)(2), p.s. In determining the amended guideline range, the applicable policy statement provides that the court "shall substitute" the new guideline range under the crack amendment for the guideline range that was applied "when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Id.*

The parties agree that Defendant is eligible for a reduction in his term of imprisonment under § 3582(c)(2), because the United States Sentencing Commission ("Commission") has retroactively lowered the guideline range with respect to Defendant's sentence. Effective November 1, 2007, the Commission enacted Amendment 706 (as amended by Amendment 711) to the Sentencing

Guidelines (hereinafter referred as the "crack amendment"). Generally, the crack amendment reduces the disparity of sentences imposed on those convicted of possession of different forms of cocaine, such that the base offense level associated with a quantity of crack cocaine is lowered by two levels. *See* U.S. Sentencing Guidelines Manual, Supplement to Appendix C 226-31 (2007). Effective March 3, 2008, the Commission made the crack amendment retroactive. *See* U.S. Sentencing Guidelines Manual, Supplement to the 2007 Guidelines Manual i, 1-4 (Mar. 3, 2008).

On February 11, 2009, the parties submitted a stipulation, providing, in part:

> Subsequent to convictions for Felon in Possession of a Firearm (No. 03-50017) and Possession of More Than 5 Grams of Cocaine Base (03-81088) Defendant John Michael Stepps was sentenced to 125 months in custody. This sentence was based on a guideline range of 100-125 months, derived from a total offense level of 24 and a criminal history category VI.
>
> The parties stipulate that John Michael Stepps meets the criteria under United States Sentencing Guidelines Amendments 706 and 711, the recent retroactive amendments to the sentencing guidelines which reduce the offense level for cases that were sentenced using the cocaine base guidelines. Reducing the offense level used at Stepps' sentencing hearing results in a total offense level of 22 and a guideline range of 84-105 months.

[No. 03-50017, Dkt. # 18]; [No. 03-81088; Dkt. # 10]. Also in the stipulation, the government expressed the view that a reduction should not be granted "because of the nature and extent of Stepps' prior criminal record, because the felon in possession of a firearm offense appears to have arisen out of a domestic violence offense that involved the firearm, and because it appears that there was an error in computing the original guidelines." In contrast, Defendant expressed the view that a reduction is warranted because of his efforts at rehabilitation, including the achievement of a high school diploma while incarcerated. Defendant denies the domestic violence allegations.

On March 10, 2009, a United States Probation Officer submitted a report pursuant to U.S.S.G. § 1B1.10. The report summarizes the calculation of an amended guidelines range of 92

to 115 months. The report addresses Defendant's post-sentencing conduct pursuant to U.S.S.G. § 1B1.10, application note 1(B)(iii) as follows:

> According to the United States Bureau of Prisons (BOP), the defendant's adjustment has been good. He has incurred no misconducts. He has completed 61 hours of education and received certificates for parenting and 30 hours of drug abuse education. He has worked for Unicor since September 2005 and has received good to outstanding work evaluations. His special assessment fee has been paid.

Subsequently, the parties submitted an "amended stipulation" on August 11, 2009. [03-50017; Dkt. # 21]; [03-81088; Dkt. # 13]. The amended stipulation provides that Defendant's original "combined adjusted offense level was 24, which combined with defendant's criminal history category (VI) to produce a guideline range of 100-125 months." The stipulation further provides that "[u]nder the current guidelines, defendant's total offense level is now 23, and his guideline range is 92-115 months." In a footnote, the parties indicate, "Although the crack cocaine offense levels were generally reduced by two levels, defendant's combined adjusted offense is only one level lower due to the proper application of multiple counts rules of the Guidelines Manual, USSG §3D1.4."

While the government opposes a sentencing reduction, in part, because of an unidentified error in computing the original guidelines, it is significant that resentencing pursuant to § 3582(c)(2) "is not a do-over of an original sentencing. . . ." *See, e.g.*, *United States v. Legree*, 205 F.3d 724, 730 (4th Cir.2000) (quoting *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir.1999)). As indicated above, § 3582(c)(2) is a statutory exception to the general rule that federal courts lack jurisdiction to modify a sentence once it has been imposed. Section 3582(c)(2) is narrowly drawn to allow a federal court to reduce a term of imprisonment only if such a reduction is "consistent with the applicable policy statements by the Sentencing Commission." Here, the applicable policy

statement provides that this Court must only substitute the amended guideline range for that in effect at the time of sentencing and must leave all other sentencing decisions intact. *See* U.S.S.G. § 1B1.10(b) (1), p.s.

As required by § 3582(c)(2) and U.S.S.G. § 1B1.10, the Court has considered the factors set forth in 18 U.S.C. § 3553(a), as well as Defendant's post-conviction conduct, including efforts at rehabilitation. Based on the same, the Court finds that a reduction in Defendant's term of imprisonment from 125 to 100 months, the middle of the amended guideline range, is warranted.

Accordingly, it is **ORDERED** that Defendant's sentence is **REDUCED** to 100 months, pursuant to 18 U.S.C. § 3582. A separate amended judgment will issue.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: October 29, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 29, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS